IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WAYNE D. ROBERTS; TERESA L. ROBERTS, | : : | |
| Plaintiffs, | : : | |
| vs. | : : | CIVIL ACTION NO. 1:04-CV-135(WLS) |
| SONNY PERDUE; JAMES E. DONALD; WILLIAM AMIDEO; KEVIN ROBERTS; GEORGE LASTER; EMMETT GRISWALD; CHRISTINE CROSS, | : : : : : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff, Wayne D. Roberts, is a State of Georgia prisoner presently incarcerated at Lee State Prison near Leesburg, Georgia. Plaintiff, Teresa L. Roberts is the wife of Wayne D. Roberts and an apparent resident of Albany, Georgia. Plaintiffs are attempting to bring this § 1983 action together and have each filed motions in which they seek to proceed *in forma pauperis.* Those motions are addressed in a separate order also entered this date.

Defendant Sonny Perdue is the current governor of Georgia. Defendant James E. Donald is the current Commissioner of the Georgia Department of Corrections. Defendant William F. Amideo is apparently the General Counsel for the Georgia Department of Corrections. Defendant Kevin Roberts is or was the Warden of Lee State Prison at the time of the circumstances giving rise to this lawsuit. Defendant George Laster is or was the Deputy Warden of Security at Lee State Prison. Defendant

Emmett Griswald is or was the Deputy Warden of Care and Treatment at Lee State Prison.[1]  Defendant Christine Cross is or was the Chief Counselor at Lee State Prison.

### I.  STANDARD OF REVIEW

#### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

#### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

---

[1] Plaintiffs however list this defendant's present employment address as Albany Technical College in Albany, Georgia.

*Discussion*

*1. Denial of Access to the Courts Claim*

Paragraphs 13 through 30 of the complaint are listed under what the plaintiffs have labeled "Access to the Court Claim." The facts as alleged by plaintiffs are essentially that while at Lee State Prison plaintiff Wayne Roberts met another inmate who told plaintiff that his girlfriend, Sonya Thomas, was an attorney. Evidently this Sonya Thomas met with plaintiffs (it is assumed that these meetings would occur during visitation) on several occasions and held herself out to be an attorney. Plaintiffs and Thomas discussed her representation of plaintiff Wayne D. Roberts in a § 1983 action then pending in the Southern District of Georgia, a § 2254 petition seeking the writ of habeas corpus also pending in the Southern district of Georgia and finally on what the plaintiffs have styled a "Medical Reprieve." Plaintiff Wayne D. Roberts' legal materials were turned over to Sonya Thomas and on January 9, 2003, plaintiff Teresa Roberts paid her a $500.00 retainer (Complaint, ¶ 22). One week later on January 17, 2003, the Honorable Dudley Bowen adopted the recommendation of Magistrate Judge Barfield and dismissed plaintiff's § 1983 complaint (Document #8, exhibits p. 18-19).

In paragraph 27 of the complaint plaintiffs state, "[a]ttorney Sonya Thomas obstructed, impeded plaintiff Wayne Roberts 'access to the courts' when Sonya Thomas failed to timely file objections, amendments, a notice of appeal in civil action no. 1:01-cv-135, and appeal to the Eleventh Circuit Court of Appeals." Plaintiffs do not indicate what happened to plaintiff Wayne D. Roberts'§ 2254 petition or his "medical reprieve."

In June of 2003, plaintiff Wayne D. Roberts directed plaintiff Teresa Roberts to lodge a complaint with the Chief Magistrate Judge of Lee County, Georgia who evidently issued arrest

3

warrants for Sonya Thomas (Complaint, ¶ 29). In paragraph 30 of the complaint plaintiffs quote an indictment against Sonya Thomas returned by the grand jury of Lee County, Georgia wherein Sonya Thomas was charged with the unauthorized practice of law. Listed in the body of the indictment as the persons to whom Sonya Thomas unlawfully held herself out as an attorney are the plaintiffs and defendant Kevin Roberts.

Plaintiffs allege that defendants Roberts, Laster, Griswald, and Cross retaliated against Wayne D. Roberts when they denied him access to the courts by allowing Sonya Thomas into Lee State Prison where she held herself out to plaintiffs as an attorney. Plaintiffs allege that the above defendants violated Department of Corrections Standard Operating Procedure II BO1-0005 by not checking the credentials of Sonya Thomas, that if they had followed the SOP they would have determined that Thomas was not an attorney and she would not have been allowed to hold herself out as one. Plaintiffs neglect to include in the complaint the contents of the SOP upon which they rely. Plaintiff's also allege that the conduct of the above named defendants constituted a violation of O.C.G.A. § 23-2-53, a statute contained in Georgia's equity title which states that "[s]uppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."

There is no doubt that prisoners have a constitutional right to reasonable access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *Lewis v. Casey,* 518 U.S. 343 (1996). Assuming without deciding that the above named defendants may not have complied with the dictates of the above referenced standard operating procedure and that they were required to determine whether Sonya Thomas was in fact an attorney, under the facts as alleged in the complaint it is the RECOMMENDATION of the undersigned that this claim be dismissed.

Although it may appear at this early stage of the litigation that plaintiff Wayne Roberts can show an actual injury as required by *Lewis v. Casey,* Id., it simply cannot be found that the conduct or lack thereof alleged by plaintiff as to these defendants violated his constitutional rights of reasonable access to the courts.  Assuming that the plaintiff has sustained an actual injury, this was inflicted by the conduct of Sonya Thomas who is not a state actor and she therefore may not be made a party in a § 1983 action.  If the conduct of these defendants in not ascertaining that Sonya Thomas was a fake and a scam artist can be considered as negligence, that does not offend the constitution.  *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662 (1986).  Inasmuch as it is not before the court, this recommendation offers no opinion as to whether these plaintiffs might have or had a viable cause of action against some of these defendants under state law.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

## 2. "Plaintiff Teresa L. Roberts Claims of Retaliation; 1st Amendment, 8th Amendment, and 14th Amendment,. . . Duty to Protect – Conspiracy – Conspiracy to Commit Fraud"

Paragraphs 31 through 47 of plaintiffs' complaint appear under the above stated heading. Once again plaintiffs are seeking to make the fact that Sonya Thomas scammed and defrauded plaintiff Teresa Roberts out of $500.00 to represent her husband on his "thirty million dollar non-frivolous § 42 U.S.C. 1983 civil rights action" (Complaint, ¶ 13) a violation of her constitutional rights by some or all of the named defendants.  The problem with this is a lack of standing as plaintiff Teresa Roberts was not a party to the dismissed lawsuit filed by her husband (document # 8, exhibits, p. 5).  Plaintiffs allege that the failure on the part of some or all of the defendants to follow their standard procedure and prevent Sonya Thomas from entering the prison and holding herself out as an attorney somehow amounts to retaliation against plaintiff Teresa Roberts and incredibly, endangered the lives of the

plaintiffs.  This is followed by allegations that the defendants conspired to do this to her.  Finally, plaintiff Teresa Roberts claims that because the defendants have not placed her husband into the prison he wishes, due to his status as a former correctional officer, she suffers mentally and emotionally.  It cannot be overlooked that Teresa Roberts resides in Albany, Georgia and that the nearest location in which  her husband could be housed is Lee State Prison.  Plaintiff Teresa Roberts' lack of standing aside, her allegations simply fail to state a claim upon which relief can be granted pursuant to § 1983.  Once again, the undersigned expresses no opinion as to any state law claims she may have or had.  Accordingly, it is the RECOMMENDATION of the undersigned that this claim be dismissed.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

### 3. *Retaliation and General Population of Wayne D. Roberts: Eighth Amendment, Equal Protection, "Duty to Protect"*

Paragraphs 48 through 56 constitute plaintiffs' third and final claim which may actually be said to be in two, possibly three parts.  Plaintiff Wayne D. Roberts alleges that he is a former State of Georgia Correctional Officer and that while at D. Ray James Prison he was placed in general population with inmates he formerly supervised which placed him in jeopardy of being injured or killed.  This plaintiff further alleges that this fact caused him to file a grievance to "protect his life" (Complaint, ¶ 49).  As a result of having filed this grievance he maintains that his transfer to Lee State Prison was retaliatory.  With regard to his being placed in general population at D. Ray James Prison, § 1997e(e) of the Prison Litigation Reform Act ("PLRA") provides that, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff

6

Wayne D. Roberts has alleged no physical injury as a result of being placed in general population at D. Ray James Prison and that portion of his complaint must be dismissed.  It is so RECOMMENDED.  Plaintiff alleges that he is also in general population at Lee State Prison which again causes him emotional pain and suffering, however he has alleged no physical injury.  Thus,  as with his stay at the former prison, § 1997e(e) of the PLRA requires that this claim be dismissed.  It is so RECOMMENDED.

With regard to the plaintiff Wayne Roberts' claim that he was the subject of a retaliatory transfer for filing a grievance it is well established that prisoners have no right to pick the prison in which they are placed.  ***Meachum v. Fano,*** 427 U. S. 215 (1976).  However, it is equally well established that discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable.  ***Wildberger v. Bracknell,*** 869 F.2d. 1467, 1468 (11th Cir. 1989).  Allegations that prison officials' actions were taken in retaliation for the filing of lawsuits or administrative grievances "bring[s] [such] actions that might not otherwise be offensive to the Constitution . . . within the scope of the Constitution . . . This type of retaliation violates both the inmate's right of access to the courts and the inmate's First Amendment rights."

While the undersigned will not be surprised to learn that the plaintiff Wayne Roberts actually requested a transfer to Lee State Prison in order to be closer to his wife, at this early stage of the litigation his claim of retaliatory transfer must be allowed to proceed.  However, it appears that the plaintiff, at this point, has not named the proper defendants for this claim.  In paragraph 50 of his complaint the plaintiff quotes the response of the D. Ray James Warden to his grievance.  It is appropriate to include that paragraph here.

The Warden responded stating in grievance no. 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 to wit:

> Inmate was recommended for closer to home transfer by DJRP class. committee prior to date of grievance filing.  Said transfer request has been implemented by order of DOC already.  No evidence can be found to support inmate's allegations.  "Allegations of undue mental or emotional suffering can be founded."  Grievance is denied

Defendants Kevin Roberts, George Laster, Emmett Griswald, and Christine Cross, are or were employed at Lee State Prison, not D. Ray James Prison.  Thus, they had nothing to do with the alleged retaliatory transfer.  It seems obvious that plaintiff Wayne D. Roberts named Sonny Perdue and James E. Donald as defendants on this claim based on *respondeat superior*.  "Supervisory personnel . . . cannot be held liable under section 1983 for the actions of their subordinates under a theory of *respondeat superior.*"  **Adams v. Poag,** 61 F.3d 1537, 1544 (11th Cir 1995).  Clearly, General Counsel to the Georgia Department of Corrections was not involved in the decision to transfer plaintiff Wayne D. Roberts in retaliation for his having filed a grievance. Further, D.  Ray James Prison is located in Charlton County which is in the Southern District of Georgia.  Venue is therefore not proper in this court.  It is therefore the RECOMMENDATION of the undersigned that this claim be dismissed in this court without prejudice to plaintiff's right to pursue this claim in the Southern District of Georgia.

In paragraph 54(F) of his complaint plaintiff states that he has had his "medically unassigned profile" removed and was forced to work as a sanitation orderly and participate in a wellness walk and yard call. If plaintiff is alleging that this amounts to deliberate indifference to a serious medical need or more retaliation for filing a grievance he must so state and must name the defendants he believes to be responsible for this conduct.  Plaintiff will be given the opportunity to supplement his complaint to name the defendant(s) he alleges to be responsible for this if he wishes.

*Summary*

The undersigned has made the following recommendations that:

1.  Plaintiff Wayne Roberts' Access to the Court Claim (paragraphs 13 - 30) be dismissed.

2.  All claims brought by Teresa Roberts (paragraphs 31 - 47) be dismissed.

3.  Plaintiff Wayne D. Roberts' claims regarding his not being transferred to a prison housing only former law enforcement inmates and being left in general population at Lee State Prison be dismissed as required by the PLRA.

4.  Plaintiff Wayne D. Roberts' claims of retaliatory transfer to Lee State Prison be dismissed without prejudice to his right to pursue that claim in the Southern District of Georgia.

5.  Plaintiff Wayne D. Roberts' claims of deliberate indifference to serious medical needs go forward but that he supplement his complaint so as to identify the defendant(s) he alleges to be responsible.

6.  All named defendants be dismissed.  It is noted however that some or all of the Lee State Prison defendants may be named in the supplemented complaint.

Thus, if the District Judge to whom this matter has been assigned adopts this recommendation in its entirety Wayne Roberts will be the only plaintiff and the only claim remaining will be that of deliberate indifference to a serious medical need.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiffs may file written objections to these recommendations with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 21st day of July 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE