## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

WAYNE D. ROBERTS; :
TERESA L. ROBERTS, :
:
        Plaintiffs, :
:
vs. : CIVIL ACTION NO. 1:04-CV-135(WLS)
:
SONNY PERDUE; JAMES E. DONALD; :
WILLIAM AMIDEO; KEVIN ROBERTS; :
GEORGE LASTER; EMMETT :
GRISWALD; CHRISTINE CROSS, :
:
        Defendants :

## O R D E R

Plaintiff, Wayne D. Roberts, is a State of Georgia prisoner presently incarcerated at Lee State Prison near Leesburg, Georgia. Plaintiff, Teresa L. Roberts is the wife of Wayne D. Roberts and an apparent resident of Albany, Georgia. Plaintiffs are attempting to bring this § 1983 action together and have each filed motions in which they seek to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Based on plaintiffs' submissions, the Court finds that plaintiffs are unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiffs' motions to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).[1]

In a Recommendation entered this same date, the undersigned recommended to the District Judge that the claims of Theresa Roberts be dismissed, that all claims raised by Wayne D. Roberts save one be dismissed and that all named defendants be dismissed. As to the sole remaining claim of deliberate indifference to a serious medical need the undersigned now orders that plaintiff, Wayne D. Roberts, supplement his complaint in the following particulars. Plaintiff shall identify

---

[1]It is here noted that plaintiffs have already the entire civil filing fee in installments.

the individual(s) who removed his "medically unassigned profile" and state when this occurred. Plaintiff shall also identify the individual(s) who forced him to become a sanitation orderly, to participate in the wellness walk and yard call, stating also when these events occurred. Plaintiff is evidently alleging that he suffers from macular edema, retinopathy and neuropathy. Much more detail is needed before the court can determine the propriety of allowing this claim to continue. If the plaintiff is alleging that the actions or inactions of one or more individuals caused him to develop these conditions he must identify the person(s), indicate the date of the conduct giving rise to the onset of these conditions, and explain how the complained of conduct caused the condition(s). In the event that plaintiff is alleging that he already suffered from these conditions and that requiring him to work worsened or exacerbated the conditions, he must explain how his condition worsened.

Plaintiff is here reminded that a mere difference of opinion between the prison medical staff and the inmate as to the type of medical treatment that is appropriate, without more, does not violate the Eighth Amendment. *Harris v. Thigpen,* 941 F.2d 1495,1505 (11th Cir. 1991).

Plaintiff shall have thirty (30) days from his receipt of this order in which to submit his supplemented complaint. Failure on the part of the plaintiff to supplement his complaint as ordered will result in a recommendation of dismissal. **There shall be no service of this complaint until further order of this court.**

SO ORDERED, this 22nd day of July 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE