IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WAYNE ROBERTS, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION |
| | : NO. 1:04-CV-135 (WLS) |
| SONNY PERDUE[1] | : |
| Defendant. | : |

**O R D E R**

On July 21, 2005, the undersigned recommended that plaintiff's wife, Teresa Roberts be dismissed as a plaintiff herein. It was further recommended that all claims save a potential claim of deliberate indifference to a serious medical condition be dismissed along with all named defendants. On July 22, 2005, the undersigned granted plaintiff Wayne Roberts' motion to proceed herein *in forma pauperis* and ordered that plaintiff supplement his complaint in very specific particulars as to the sole remaining claim of deliberate indifference to a serious medical condition.

On January 18, 2006, the District Judge to whom this matter is assigned adopted the above referenced recommendation in its entirety and ordered the plaintiff to supplement his complaint in accordance with the order of July 22, 2005. Thus the current status of this case regarding parties and defendants is as follows. Wayne D. Roberts is the only plaintiff, his wife Teresa L. Roberts is **not** a plaintiff in this matter. The only potential claim in this matter at this time is one

---

[1]By virtue of the District Judge to whom this matter is assigned having adopted the recommendation of the undersigned this defendant and all other named defendants have been dismissed from this case.

of deliberate indifference to a serious medical condition.  Until such time as the plaintiff supplements his complaint in accordance with the dictates of the July 22, 2005, order there are no named defendants to be served and this case is at a complete and total standstill.

On February 8, 2006, plaintiff filed a thirteen page supplement to his complaint that appears to completely ignore the dictates of the July 22, 2005, order inasmuch as he is still complaining about the previously dismissed claims and defendants and considers his wife to still be a plaintiff.  Also on February 8, 2006, plaintiff filed a somewhat disjointed and hard to comprehend motion for the District Judge to reconsider his January 18, 2006, order.  This motion which has not yet been addressed by the District Judge is evidently accompanied by fifty-nine pages of exhibits.  Should the District Judge grant the motion to reconsider, some of the presently dismissed claims may be allowed for go forward, some of the defendants may once again become parties and the plaintiff's wife could conceivably be reinstated.  However unless and until that happens (which in the opinion of the undersigned is doubtful) this matter can proceed no further due to plaintiff's failure to adhere to the dictates of the order that he supplement his complaint in the manner so ordered.

Because the plaintiff is proceeding in this matter *in forma pauperis* the undersigned will give him one more opportunity to supplement the complaint in the manner previously ordered. The instructions contained in the July 21, 2005, recommendation and the July 22, 2005, order pertaining to the supplement to plaintiff's complaint  are again set out below.

> In paragraph 54(F) of his complaint plaintiff states that he has had his "medically unassigned  profile" removed and was forced to work as a sanitation orderly and participate in a wellness walk and yard call. If plaintiff is alleging that this amounts to deliberate indifference to a serious medical need or more retaliation for filing a grievance he must so state and must name the defendants he believes to be responsible for this

conduct. Plaintiff will be given the opportunity to supplement his complaint to name the defendant(s) he alleges to be responsible for this if he wishes.

As to the sole remaining claim of deliberate indifference to a serious medical need the undersigned now orders that plaintiff, Wayne D. Roberts, supplement his complaint in the following particulars. Plaintiff shall identify the individual(s) who removed his "medically unassigned profile" and state when this occurred. Plaintiff shall also identify the individual(s) who forced him to become a sanitation orderly, to participate in the wellness walk and yard call, stating also when these events occurred. Plaintiff is evidently alleging that he suffers from macular edema, retinopathy and neuropathy. Much more detail is needed before the court can determine the propriety off allowing this claim to continue. If the plaintiff is alleging that the actions or inactions of one or more individuals caused him to develop these conditions he must identify the person(s), indicate the date of the conduct giving rise to the onset of these conditions, and explain how the complained of conduct caused the condition(s). In the event that plaintiff is alleging that he already suffered from these conditions and that requiring him to work worsened or exacerbated the conditions he must explain how his condition worsened.

Plaintiff is here reminded that a mere difference of opinion between the prison medical staff and the inmate as to the type of medical treatment that is appropriate, without more, does not violate the Eighth Amendment. Harris v. Thigpen 941 F.2d 1495, 1505 (11th Cir. 1991).

Accordingly, if plaintiff wishes to pursue a claim of deliberate indifference to a serious medical condition he must **within thirty (30) days of the date of this order** supplement his complaint in the manner set out above. Further, if plaintiff believes that removing his medically unassigned profile and forcing him to work to be an act of retaliation he must so state and indicate what conduct on the part of the plaintiff led to what he believes to be retaliation. Plaintiff must also state concisely and briefly the medical condition which caused him to be initially declared as medically unassigned and at what institution he received this designation. Should plaintiff elect to supplement his complaint, the supplement **shall not exceed ten (10) pages in length.** See Federal Rule of Civil Procedure 8(a)(2), a complaint shall be "a short and plain statement of the claim showing that the pleader is entitled to relief." See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), the Federal Rules of Civil

3

Procedure apply to *pro se* litigants who are proceeding *in forma pauperis*.

Finally plaintiff is further advised that his failure to comply with this order, which will leave no defendants to serve, can subject him to certain sanctions, including but not limited to the dismissal of his complaint.

SO ORDERED, this 10th day of February 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE