IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WAYNE ROBERTS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 1:04-CV-135 (WLS) |
| | : | |
| Dr. BILLY GRAHAM; Nurse GADSON; Nurse Manager CELENE DOOLITTLE; KEVIN ROBERTS; GEORGE LASTER; CHRISTINE CROSS, | : : : : : : | |
| Defendants | : | **ORDER** |

Pending before the Court is plaintiff's "Supplement to Complaint" (R. at 38).

## I. PROCEDURAL HISTORY

Plaintiff filed his original complaint on September 14, 2004 (R. at 4). In a Recommendation dated July 21, 2005, the United States Magistrate Judge recommended that all of Teresa Roberts' claims be dismissed, and that all of Wayne Roberts claims, except his claim of deliberate indifference to serious medical needs, be dismissed. It was recommended that all of the original defendants named in plaintiff's complaint be dismissed and plaintiff was ordered, in a July 22, 2005 Order, to supplement his complaint by naming individual defendants whom he thought responsible for the deprivation of medical care. (R. at 19, 22).

On July 25, 2005, plaintiff filed a 36 page "Amendment" (R. at 23). On August 24, 2005, plaintiff filed an Objection to the Recommendation of the United States Magistrate Judge. (R. at 27). On August 26, 2005 plaintiff filed another 53 page "Amendment" (R. at 28).

After reviewing the plaintiff's Objection and the United States Magistrate Judges

Recommendation, the District Judge accepted and adopted the Recommendation in full on January 18, 2006 (R. at 29).

On February 8, 2006, plaintiff filed a 13 page (with 59 pages of exhibits) "Amendment to Claims for Relief" (R. at 30). Also on February 8, 2006 plaintiff filed a 23 page "Motion to Reconsider, or to the Alternative to Amend, and Make Additional Findings of Fact under Rule 52(b) to Final Order dated January 18, 2006 (Docket No. 29) with New Amended Claims for Relief Fed. R. Civ. Proc. 15(a)." (R. at 31).

It appears that in all of plaintiff's "Amendments," he continued to claim Teresa Roberts was a plaintiff and to assert claims that had already been dismissed against defendants who had already been dismissed. Therefore, in an Order dated February 10, 2006, the United States Magistrate Judge again explained to plaintiff that the only remaining potentially viable claim he had in this case was his claim for deliberate indifference to serious medical needs. (R. at 32). Plaintiff was ordered to provide the supplemental information as to this claim alone within 30 days.

On February 16, 2006, plaintiff filed a Notice of Appeal from the Court's January 18, 2006 Order (R. at 29).[1]

On February 24, 2006, plaintiff filed an "Objection" to the United States Magistrate Judge's February 10, 2006 Order (R. at 36).

---

[1] This notice of appeal was premature and without effect. *See generally Useden v. Acker*, 947 F.2d 1563, 1570 (11th Cir. 1991). Pursuant to 28 U.S.C. 1291 the United States Court of Appeals for the Eleventh Circuit has jurisdiction of appeals from **final** orders of the district court only. The Court's January 18, 2006 Order was not a final order. This Order did not terminate the litigation as it only dismissed certain claims and named defendants and ordered plaintiff to "supplement his complaint as directed by the Magistrate Judge." (R. at 29); *See* Fed. R. Civ. P. 54. The filing of a notice of appeal from a non-appealable order does not divest this Court of jurisdiction in the case. *See United States v. Kapelushnik,* 306 F.3d 1090 (11th Cir. 2002); *United States v. Hitchman*, 602 F.2d 689 (5th Cir. 1979).

On March 17, 2006, Plaintiff filed a "Supplemental Complaint Pursuant to Magistrate's Order." (R. at 38). The Court now addresses this supplement.

## II.  PLAINTIFF'S MARCH 17, 2006 SUPPLEMENT

Plaintiff has been ordered to supplement one claim: his claim of deliberate indifference to serious medical needs. Specifically, plaintiff was ordered to "identify the individual(s) who removed his 'medically unassigned profile' and state when this occurred." (R. at 22, 32). Plaintiff was also ordered to identify the persons who "forced him to become a sanitation orderly, to participate in the wellness walk and yard call." (R. at 22, 32). Plaintiff was advised that his deliberate indifference to medical needs claims is the "sole remaining claim" in this action. (R. at 22, 32).

In his March 17, 2006 supplement, plaintiff states that on August 6, 2002 he was diagnosed with "diabetic disabilities (i.e., neuropathy, retinopathy, and macular edema)." According to plaintiff, an unnamed doctor issued him a "medically unassigned profile" calling for no prolonged standing, a bottom bunk, only soft shoes, and allowing him to lie down when in severe pain. Plaintiff states that on March 2, 2004, Kevin Roberts, George Laster, and Christine Cross ordered Dr. Graham to remove the medically unassigned profile. According to plaintiff, Dr. Gordon complied and then Nurse Gadson assigned him to be a sanitation orderly, take mandatory wellness walks, and attend yard call. Reading the complaint liberally, it appears that Nurse Manager Celene Doolittle took part in his March 2004 loss of the medically unassigned profile.

Plaintiff states that on July 28, 2004, his medically unassigned profile was reinstated, but he was not informed of this and he apparently had to continue with his sanitation orderly duties, mandatory walks, and yard call.

Plaintiff also makes complaints of retaliation and violation of his "first amendment rights" in his supplement. Most of this alleged retaliation and first amendment complaints occurred after plaintiff filed his original complaint in this Court on September 14, 2004. For example, plaintiff complains of a January 2005 retaliatory transfer and a March 2005 disciplinary report. Plaintiff has been repeatedly informed that he has only one remaining claim in this lawsuit (deliberate indifference to serious medical needs) and plaintiff has been repeatedly told to provide supplemental information for this claim only. If plaintiff wishes to bring a separate action for retaliation and violation of his first amendment rights, he may do so by filing a separate 28 U.S.C. § 1983 action. These claims will not be addressed in this suit. Additionally, the defendants that plaintiff seeks to add regarding the retaliation and first amendment claims will not be added to this suit.

The only claim that is going forward at this time in this action is plaintiff's claim of serious indifference to serious medical needs against Dr. Billy Graham, Nurse Gadson, Celene Doolitte, Kevin Roberts, George Laster, and Christine Cross.

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendants **DR. BILLY GRAHAM, NURSE GADSON, CELENE DOOLITTLE, KEVIN ROBERTS, GEORGE LASTER, AND CHRISTINE CROSS**, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the clerk of this court

and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff,

a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the

court.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

      28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties. If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may obtain the necessary consent forms from the Clerk of the Court.

      **SO ORDERED**, this 11th day of April, 2006.

      /s/ Richard L. Hodge
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR

SIMILAR MOTION.