IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WAYNE D. ROBERTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 1:04-CV-135 (WLS) |
| | : | |
| SONNY PERDUE, ET. AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge, filed February 22, 2008. (Doc. 68). It is recommended that Defendants' Motion to Dismiss (Doc. 58) be granted. It is also recommended that Defendants' Motion for Summary Judgment (Doc. 61) be granted.

This Court previously adopted the Magistrate Judge's Recommendation, but vacated its Order adopting the Recommendation on May 21, 2008. (Doc. 74). Plaintiff claimed that he did not receive a copy of the Magistrate Judge's Report and Recommendation and as such, did not timely file an objection  This Court allowed Plaintiff additional time to file an objection to the Recommendation. Plaintiff filed an objection on June 23, 2008.[1] (Doc. 75).

In the Recommendation it was found that Defendants Celene Doolittle, Jimmy Graham,

---

[1] Plaintiff was ordered to file his Objection by June 20, 2008, notwithstanding the prison mailbox rule. (Doc. 74). According to the Clerk of Court's time- and date- stamped copy, Plaintiff filed his Objection on June 23, 2008 (Doc. 72), and, therefore, this Court need not consider his Objection. Despite the existence of this adequate basis for refusal to consider Plaintiff's Objection, this Court will address Plaintiff's Objection.

1

George Laster, and Adrienne Roberts should be dismissed from the action, and, therefore, that Defendants' Motion to Dismiss (Doc. 58) be granted. Plaintiff does not object to this aspect of the Report and Recommendation. (Doc. 67 at 3). Accordingly, the Recommendations for dismissal of these Defendants are **ACCEPTED** and **ADOPTED** by this Court for the reasons stated herein. Said Defendants are **DISMISSED** and/or their prior dismissal is confirmed and so ordered.

As to Plaintiff's remaining claims, it is recommended that the remaining Defendants' Motion for Summary Judgment (Doc. 61) be granted on the merits and for Plaintiff's failure to exhaust administrative remedies. Essentially, the Magistrate Judge found that Plaintiff has shown nothing more than alleged medical negligence with respect to treatment received for his medical condition and that Plaintiff has failed to show deliberate indifference to his serious medical needs. To prevail, Plaintiff must show deliberate indifference, not simply negligence resulting in alleged harm.

Plaintiff's objection suggests this finding. For example, Plaintiff states: "'The patient had not had a follow-up visit from focal laser surgery at this time, and it is undetermined if the retina's [sic] were still hemorrhaging.' Clearly to increase exercise with retinal hemorrhaging cannot be 'sound medical judgment.'" (Plaintiff's Objection, Doc. 75 at 6) (emphasis in original). "Therefore the treatment provided by Defendant Dr. Graham, was 'inappropriate' and 'grossly inadequate' that he deviated from established standards of decency amounting to deliberate indifference..." *Id.* at 11 (emphasis in original). Plaintiff extensively criticizes Dr. Graham's course of treatment, which in fact included profiles, drug prescriptions, requests for consultation by specialists and surgery, and state's Plaintiff's opinion that the treatment was "inadequate." *Id.* Plaintiff's medical condition was treated extensively as he admits; and simply disagreeing with the course of treatment or its results does not establish deliberate indifference as found by the Magistrate Judge.

2

Plaintiff also objects to the finding that he failed to exhaust administrative remedies. He asserts that at least one grievance was fully exhausted and that another, if unexhausted was through no fault of Plaintiff. The Court finds that this objection is really of no moment, because Plaintiff's claims of deliberate indifference were considered upon the merits in any case, and second, Defendant's motion for summary judgment[2] was considered on the merits notwithstanding the alternate ground of lack of exhaustion.

Therefore, upon full review and consideration upon the Record, the Court finds that the Report and Recommendation (Doc. 68) should be, and hereby, is **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Plaintiff's objections (Docs. 27, 36, 75) are **OVERRULED**. Accordingly, Defendants Graham and Cross's Motion for Summary Judgment (Doc. 61) is **GRANTED**.

**SO ORDERED**, this  30   day of March, 2009.

　　　　　　　　　　　　　　　　　　　　　　/s/ W. Louis Sands
　　　　　　　　　　　　　　　　　　　　　**THE HONORABLE W. LOUIS SANDS,**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[2] Plaintiff's Amended Affidavit in Support of Plaintiff's Motion in Opposition to Defendant's Summary Judgment (Doc. 82) filed on September 29, 2008 is untimely and was filed without this Court giving Plaintiff leave to file. Therefore, to the extent it adds matter not permitted or not in compliance with the court's orders, it is not considered.

3